IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CV-72-FL

| | | |
|---|---|---|
| LULA MARLENE HYATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for judgment on the pleadings (DE # 32) and defendant's motion for judgment on the pleadings (DE # 37). The motions were referred to United States Magistrate Judge William A. Webb for entry of a memorandum and recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1). In his M&R, entered March 20, 2012, the magistrate judge recommends the court deny plaintiff's motion and grant defendant's motion. Plaintiff timely objected to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and conclusions of the magistrate judge, and upholds the final decision of the Commissioner.

**STATEMENT OF THE CASE**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on January 12, 2009, alleging disability beginning December 31, 2002. Plaintiff's claim was denied initially and upon reconsideration. Hearing was held before an administrative law judge ("ALJ") who determined plaintiff was not disabled during the relevant period in decision dated November 22, 2010. The Appeals Council denied plaintiff's request for review on March 11, 2011. Accordingly, the ALJ's

determination following hearing is the final decision of the Commissioner.

Prior to the Appeals Council's determination, plaintiff submitted additional records from Moore Orthopedics and Sports Medicine, Carteret General Hospital, and Carolina Craniospinal Neurosurgery. The Appeals Council determined that the records did not affect the ALJ's decision. Plaintiff also attached additional evidence to her motion for judgment on the pleadings, specifically a letter from Western Carteret Medical Center that appears to be written by Susan F. Paparazo, nurse practitioner, and signed by Dr. Bianca Rosso, M.D.

Subsequent to the ALJ's decision, plaintiff applied for SSI. The application was approved on February 8, 2011. Plaintiff was found disabled for Medicaid benefits on February 24, 2010. Plaintiff filed the instant action on May 9, 2011.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). This standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and

2

recommendations for the disposition" of the parties' competing motions. See 28 U.S.C. § 636(b)(1)(B). The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). After careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.  Analysis

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, the ALJ determined at step one that plaintiff had not engaged in substantial gainful activity through June 30, 2008. At step two, the ALJ determined that plaintiff suffered from the following severe impairments: 1) hepatitis C; 2) gastrointestinal history; 3) alcohol abuse; and 4) status-post recent gall bladder surgery. At step three, the ALJ found that plaintiff's impairment did not meet or medically equal a listed impairment. The ALJ determined that plaintiff had the

residual functional capacity ("RFC") to perform the full range of medium work and that plaintiff was capable of performing in her past relevant work as a waitress and care giver.

Also worthy of note is the ALJ's finding that plaintiff's earning record showed that plaintiff acquired sufficient quarters of coverage to remain insured through June 30, 2008. The ALJ found that "[plaintiff] must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits." (Tr. 16). Plaintiff does not dispute this factual finding - that she must demonstrate disability *before* June 30, 2008. See Pl.'s Mem. Supp. Mot. J. Pldgs. 3.

1. New and Material Evidence

Plaintiff first objects to the magistrate judge's finding that the additional evidence plaintiff submitted in support of her motion for judgment on the pleadings was not new and material did not warrant remand. Plaintiff does not dispute the applicable law for determining whether remand under sentence six of 42 U.S.C. § 405(g) is proper. Sentence six permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). There are three [r]equirements under sentence six. See, e.g., Nuckles v. Astrue, 2009 WL 3208685 at *4 (E.D.N.C. Oct. 5, 2009). First, the evidence must be new. Evidence is new if it is not duplicative or cumulative of evidence already in the record. Wilkins v. Sec'y, Dept. of Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Evidence that was available during the administrative hearing but not submitted is not new. Wilkins v. Sec'y of Health and Human Servs., 925 F.2d 769, 774, rev'd on other grounds, 953 F.2d 93 (4th Cir. 1991).

Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. See Wilkins, 953 F.2d at 96. Evidence is not

4

material if it does not relate to the time period that was before the Commissioner. Edwards v. Astrue, 2008 WL 474128 at *9 (W.D.Va. Feb. 20, 2008).

Third, there must be good cause for failing to submit the evidence earlier. This requirement for good cause was added by Congress in 1980. See Social Security Disability Amendments of 1980, P.L. 96-265 § 307, 94 Stat. 441 (1980). The courts have recognized that Congress' intent was to permit remands pursuant to sentence six on a very limited basis. Rogers v. Barnhart, 204 F.Supp.2d 885, 892 (W.D.N.C. May 23, 2002).

The magistrate judge found that the additional evidence submitted by plaintiff was not new and material. Plaintiff objects, arguing that the magistrate judge did not address the letter signed by Dr. Bianca Rosso, M.D., plaintiff's treating physician since March 2010. See DE # 34-4 p. 2. The letter is dated April 15, 2011, and appears to have been written by a nurse practitioner, Susan Paparazo and signed by Dr. Rosso.

Plaintiff is correct that the magistrate judge did not explicitly address the Rosso letter. Upon de novo review, the court does so now, and finds that the letter is not new and material evidence warranting remand. As a preliminary matter, parts of the letter address plaintiff's condition "now." See DE 34-4 p. 2. Where the letter is dated April 2011, any reference to plaintiff's condition "now" or even "recently" would appear to clearly fall outside of the relevant time period before the Commissioner, which ended June 30, 2008. (Tr. 16). As such, these portions of the letter are not material, and do not warrant remand. See Edwards, 2008 WL 474128, at *9.

Paparazo and Dr. Rosso then state that "[i]t is well documented that patient has not been able to work since 2002." Id. This opinion is repeated again in the second paragraph. As for the opinion that plaintiff cannot work, such opinion is not for a treating physician or health care provider to

5

make. The determination of whether or not an individual is disabled is a finding of fact reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

Thus, the court's analysis proceeds to the portions of the letter which discuss plaintiff's condition pre-June 30, 2008. Nurse Paparazo and Dr. Rosso note that in "reviewing records from 2006 CT that shows sclerosis and marked end plate change at 12-3 with lateral subluxation to the left of midline. Records states she has had low and mid back pain for 6-7 years which dates this problem to 2004 if not before." Id. Notwithstanding the issue that the letter appears not to have been written by Dr. Rosso, the treating physician, but merely signed by her, the court is compelled to find that the suggestion that plaintiff has suffered low and mid back pain since at least 2004 is not material because evidence of low and medium back pain in the years prior to June 30, 2008, was already considered by the ALJ, and it would not change the outcome. Essentially, Dr. Rollo's letter is additional evidence that plaintiff had some degeneration in her back prior to June 30, 2008, and that degeneration worsened after the relevant time period. (Tr. 215, 478, 439, 435). Thus, the evidence is not new; it restates evidence already in the record considered by the ALJ.

In so concluding, the court has carefully reviewed the record, particularly the evidence reviewed by the ALJ. In January 2005, even after the automobile accident, plaintiff had diminished range of motion in her back. (Tr. 215). In February 2006, an examination at Carteret General Hospital revealed no clubbing, cyanosis or edema in plaintiff's extremities, plaintiff's ability to move all her extremities with normal range of motion and without difficulty and that her back showed no CVA discomfort. (Tr. 377). In March 2006, plaintiff had no other complaints at Carteret General Hospital after being examined at Carteret General Hospital for black, tarry stools and lightheadedness. (Tr. 349). That same date, she had no CVA tenderness in her back and no

6

clubbing, cyanosis, or edema in her extremities as well as good distal pulses. (Tr. 350). In April 2006, the year of the CT scan mentioned by Nurse Paparazo, plaintiff looked good and was in no acute distress. (Tr. 210). In June 2006, plaintiff had a good range of motion in all extremities. (Tr. 495).

In March 2008, however, plaintiff was observed to have some "mild low back pain with range of motion noted." (Tr. 478). In August 2009, examination of plaintiff's back revealed nontender T1 through L5 without flank pain. (Tr. 459). In October 2010, Dr. Brockman at Carteret Surgical Associates noted that plaintiff mentioned a past degenerative disease of her lower back, but also noted that she had good strength in her upper and lower extremities bilaterally. (Tr. 514, 515). In April 2010, records from Carteret Foot & Ankle Specialists reveal that plaintiff "denies back pain." (Tr. 410). On that date, plaintiff's musculoskeletal exam revealed normal strength, range of motion and alignment for all joints. In May 2010, some degenerative changes were identified in the lower lumbar spine. (Tr. 439). On June 18, 2010, radiograph revealed some vascular scoliosis with associated degenerative changes in lumbar spine, (Tr. 435), but examination of plaintiff's back was "Nontender T1 through L5 in midline and without flank pain." (Tr. 421).

As a whole, the record is consistent with Dr. Rollo's suggestion that some degeneration in the back occurred prior to June 2008, and it eventually worsened, requiring surgery, after the relevant time period. As previously stated, it is period prior to June 30, 2008, that concerned the ALJ's determination and this court's review, and Dr. Rollo's letter is cumulative of the evidence in the record regarding that time period.[1] Remand is not proper, and plaintiff's objection to the M&R

---

[1] Plaintiff places much emphasis on the Meyer v. Astrue decision and the Fourth Circuit's guidance there regarding the opinion of a treating physician in the context of new evidence. See 662 F.3d 700 (4th Cir. 2011). However, the court finds a significant distinguishing factor between Meyer and the instant case. In Meyer, the claimant
(continued...)

is overruled.

2. The ALJ's Credibility Determination

Plaintiff's objection regarding the ALJ's credibility determination asserts that the ALJ erred in the second step of the credibility determination because he did not afford full weight to the testimony of plaintiff's friend, Angela Salter, who testified at the administrative hearing. Additionally, plaintiff argues that the new evidence submitted to the Appeals Council from 2005 regarding plaintiff's complaints about foot pain warrants a review of all of the evidence of record.

At the first step of the credibility determination, the ALJ concluded that plaintiff's medically determinable impairments could reasonably be expected her symptoms. However, at the second step, the ALJ concluded that plaintiff's allegations regarding the intensity, persistence, and limiting effects of the symptoms was not credible to the extent they were inconsistent with the ALJ's RFC assessment.

An ALJ employs a two-step process in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work. See Craig, 76 F.3d at 594; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996). "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged. Second, the ALJ must evaluate the claimant's testimony about his subjective experiences." Fisher v. Barnhart, 181

---

[1](...continued)
was treated by Dr. Bailey, the treating physician, during the relevant time period. In fact, the language of the opinion suggests the ALJ reviewed medical records from Dr. Bailey. See 662 F.3d at 703 ("[Claimant] had asserted before the ALJ that although he sought opinions from Dr. Bailey and Dr. Smith, his treating physicians, it was their policy not to provide such opinion evidence in these types of proceedings."). Contrarily, in the instant case, plaintiff's memorandum in support of her motion for judgment on the pleading frankly reveals that "[p]laintiff began treatment with Western Carteret Medical Center after she began receiving Medicaid assistance in March 2010." Pl.'s Mem. Supp. 13. The letter from Nurse Paparazo and Dr. Rosso is dated April 15, 2011, months after the ALJ made his decision, and about a month after the Appeals Council denied review. Unlike in Meyer, the ALJ did not consider Dr. Rollo's opinion from pre-2008 because Dr. Rollo was not treating plaintiff then. Pl.'s Mem. Supp. Mot. J. Pldgs. 13. Additionally, considering the cumulative nature of the Rosso letter, the court does not find the instant case to be consistent with Meyer.

8

F. App'x 359, 363 (4th Cir. 2006) (unpublished) (citing Craig, 76 F.3d at 591-96). The ALJ must consider the entire record in making this determination, and may not discredit a claimant's testimony regarding the intensity and persistence of her symptoms solely because the objective medical evidence does not substantiate that testimony. See 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4. "The reasons for the [ALJ's] credibility finding must be grounded in the evidence and articulated in the determination or decision." Id.

Notably, the magistrate judge addressed these very issues in the M&R. See M&R 10-11, 12-13. Plaintiff acknowledges the magistrate judge's findings, and instead of objecting to the same, simply reasserts the same arguments as to credibility lodged in plaintiff's motion for judgment on the pleadings. See Pl.'s Mot. J. Pldgs 12. The court agrees with the magistrate judge's analysis regarding plaintiff's credibility. The crux of plaintiff's argument is that the ALJ improperly weighed the relevant evidence. However, as the magistrate judge stated, the role of this court is not to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).

Plaintiff also suggests that the ALJ did not properly evaluate witness Angela Salter's credibility. See Pl's Obj. 8 (" . . . a proper review of Ms. Salter's testimony, as part of the entire record, and a determination of its credibility is critical . . ."). However, plaintiff cites no authority to suggest that the two-prong credibility determination the ALJ must conduct applies to fact witnesses at administrative hearings. To the contrary, it is the claimant's credibility that requires the two-prong analysis. See 20 C.F.R. § 404.1529(c). Ms. Salter's testimony is additional evidence in the record that the ALJ was required to consider, and his findings make clear that he did. See Tr. 20 (discussing Ms. Salter's testimony); 20 C.F.R. § 404.1529(c)(3). Plaintiff asks the court to give Ms. Salter's opinion more weight than other evidence in the record, see M&R 13, and that is not the

9

role of the reviewing court. Plaintiff's objection is overruled.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and after a careful review of those portions to which no objection was made, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 41) as its own. Plaintiff's motion for judgment on the pleadings (DE # 32) is DENIED, and defendant's motion for judgment on the pleadings (DE # 37) is GRANTED. The final decision of the Commissioner is upheld. The Clerk is directed to close this case.

SO ORDERED, this the 3rd day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge